UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PANDORA JEWELRY, LLC,**    A Maryland Limited Liability Company    8681 Robert Fulton Drive, Suite C    Columbia, MD  21046, | : : : : : : | |
|                 Plaintiff, | : | Civil Action No. 2:09-cv-00744 |
| v. | : : | |
| **EUROPEAN GLASS & BEAD CO.,** **d/b/a PERLAMORE**    An Ohio Corporation    74 West Fifth Avenue    Columbus, OH  43201, | : : : : : : | **COMPLAINT AND JURY DEMAND** |
|                 Defendant. | : | |

Plaintiff Pandora Jewelry, LLC (hereinafter "Pandora"), for its Complaint against Defendant European Glass & Bead Co. (hereinafter "Perlamore"), alleges:

1. This is an action for patent infringement and for damages arising under the United States Patent law, 35 U.S.C. § 271 *et. seq.*

**Parties**

2. Pandora is a limited liability company duly organized and existing under the laws of the State of Maryland and maintains its principal offices in Columbia, Maryland. It is the exclusive distributor of Pandora jewelry products in North America and conducts substantial business in this District.

3. Defendant European Glass & Bead Co. is a corporation duly organized and existing under the laws of the State of Ohio and maintains its principal offices in Columbus,

Ohio. Upon information and belief, it actively conducts business in interstate commerce and in this District.

4.  Defendant European Glass & Bead Co. registered the trade name "Perlamore" with the Ohio Secretary of State on July 14, 2009, and has been using the names "Pearlamore" and/or "Perlamore Jewelry" since at least January 2009.

## Jurisdiction And Venue

5.  This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that the Complaint states an action based upon a federal question relating to patents and copyrights. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(d) and 1400(b) and this Court has personal jurisdiction over Perlamore because, upon information and belief, Perlamore has conducted business and commercial activities in this District and elsewhere in the United States and committed acts of infringement in this District and elsewhere in the United States.

## First Claim For Relief

### Patent Infringement

6.  Since its inception in 2003 in the United States, Pandora has grown to be a leading designer and retailer of fine jewelry products throughout the United States and has substantial sales into this District. Specifically, Pandora is engaged in the business of creating, manufacturing, marketing, distributing, and selling custom designed bracelets and necklaces featuring sterling silver and 14-karat gold jewelry beads, including precious and semi-precious stones.

7.  On July 21, 2003, a patent application was filed with the U.S. Patent and Trademark Office to protect the invention of Per Enevoldsen, a Danish National, entitled

"NECKLACES AND BRACELETS WITH KEEPERS." The patent application was assigned Patent Application Serial No. 10/623,641. The ownership rights to the invention disclosed and claimed in the '641 application were assigned by Mr. Enevoldsen to Pandora in an assignment recorded with the U.S. Patent and Trademark Office on July 19, 2004 under Reel 014864, Frame 0396.

8. The '641 patent application was duly published by the U.S. Patent and Trademark Office on July 29, 2004, as Publication No. US 2004/0144131-A1.

9. On March 7, 2006, United States Patent No. 7,007,507 entitled "NECKLACES AND BRACELETS WITH KEEPERS" was duly, validly, and legally issued to Pandora Jewelry, LLC, which remains the owner thereof. Attached as Exhibit A is a copy of the '507 Patent.

10. Upon information and belief, Perlamore is infringing claim 1 and one or more of claims 2 through 28 of the '507 Patent in violation of 35 U.S.C. § 271(a) by making, importing, using, offering to sell, and/or selling in the United States and in this Judicial District the patented invention claimed therein. Upon information and belief, it is also inducing infringement of the '507 Patent under 35 U.S.C. § 271(b) and is a contributory infringer under 35 U.S.C. § 271(c).

11. Pandora has complied with any applicable marking requirements of 35 U.S.C. § 287 with respect to the '507 Patent.

12. Upon information and belief, Perlamore intentionally designed its infringing "Perlamore" jewelry to copy the claims set forth in the '507 Patent. Perlamore's infringement of the '507 Patent has been and continues to be willful and deliberate.

13. Perlamore's infringement of the '507 Patent has caused and will continue to cause great damage to Pandora. The amount of these damages is not yet calculated, but Pandora has incurred and will continue to incur lost profits and loss of royalties as a direct result of the

infringement and is thereby entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.  Pandora is also entitled to recover prejudgment interest, costs, and enhanced asset damages under 35 U.S.C. § 284.  Further, this is an exceptional case under 35 U.S.C. § 285, and Pandora should be awarded its attorneys' fees.

14.    As a result of Perlamore's infringement of the '507 Patent, Pandora has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, is threatened with continuing loss of sales to its existing and potential customers, is losing and will continue to lose the goodwill of its customers, and is suffering the violation of its patent rights, all of which will continue unless Perlamore is preliminarily and permanently enjoined by this Court from infringing the '507 Patent under 35 U.S.C. § 283.  Pandora has no adequate remedy at law.

## Second Claim For Relief

### Copyright Infringement (17 U.S.C. § 101 *et set.*)

15.    Pandora repeats and realleges paragraphs 1 through 4 of its Complaint as though fully set forth herein.

16.    Pandora is the United States distributor of unique and distinctive jewelry designs created by artisans of Pandora's affiliated companies in Denmark.

17.    Pandora and its affiliated companies have created a unique distinctive series of beads, spacers, clips, bracelets, and necklaces that are each original works of art which capture the expressive spirit of Scandinavian design.  The beads or "charms" are all handmade with fine details, patterns, and/or gemstones.

18. Since 2003, Pandora has sold, distributed, and offered for sale in the United States its distinctive jewelry designs. Pandora also operates a website on the Internet located at www.pandora-jewelry.com which serves to advertise, promote, and sell the distinctive jewelry designs. *See* Exhibit B.

19. Pandora has enjoyed widespread publicity and acclaim that include, *inter alia,* being featured in numerous magazines and publications including In Style.

20. Pandora is the owner of many United States copyrights covering the designs of Pandora's distinctive jewelry including United States copyright registrations VA-1-208-549, VAu-666-699; VA-1-366-322; VAu-686-655; VAu-703-104; VA-1-309-551, and VA-1-210-216. Pandora's copyrighted jewelry designs are sold by over 2000 authorized Pandora retailers throughout the United States.

21. Pandora is continuously creating new and distinctive jewelry designs, including, without limitation, beads, spacers, clips, earrings, and rings. New beads or "charms" are added to the Pandora jewelry line regularly.

22. Upon information and belief, Perlamore sells jewelry products to consumers throughout the United States and in this District.

23. Upon information and belief, Perlamore is offering for sale, distributing, and selling jewelry under the name "Perlamore" through, *inter alia*, its website located at www.perlamorejewelry.com. *See* Exhibit C.

24. Upon information and belief, prior to the creation and publication of Perlamore's line of jewelry, Perlamore had access to Pandora's copyrighted jewelry designs.

25. Upon information and belief, Perlamore knowingly and willingly copied Pandora's copyrighted jewelry designs. A side by side photo comparison of Perlamore's

infringing bead designs and Pandora's copyrighted designs, together with the specific copyright registrations protecting Pandora's copyrights, is set forth as follows:

| **PerlAMore** | **Pandora** |
|---|---|
|  |  |
| | U.S. Copyright Reg. |
| | VA-1-208-549 |
|  |  |
| | VAu-666-699 |
|  |  |
| | VA-1-366-322 |
|  |  |
| | VAu-686-655 |

  VAu-703-104

  VA-1-309-551

  VAu-686-655

  VA-1-210-216

 

VA-1-210-216



VA-1-210-216

 

VA-1-208-549

The bead designs manufactured, promoted, and sold by Perlamore are substantially similar, if not identical, to Pandora's copyrighted jewelry designs.

26. Perlamore, by its acts described above, has taken advantage of the knowledge and skill of Pandora, and of the goodwill developed by Pandora, and has capitalized upon the commercial market created by Pandora for its copyrighted designs.

27. By Perlamore's unauthorized use of designs substantially the same as Pandora's copyrighted designs, Perlamore has been able to pass off and sell its Perlamore jewelry, at a cheaper price, bearing unauthorized reproductions of Pandora's copyrighted design, and portions thereof, as a substitute for Pandora's products.

28. Upon information and belief, Perlamore has profited from the sales of its silver and 14-karat gold jewelry beads which make use of Pandora's copyrighted jewelry designs.

29. Upon information and belief, Perlamore, unless enjoined by this Court, intends to continue it course of conduct and to wrongfully use, infringe upon, distribute, and otherwise profit from Pandora's copyrighted jewelry designs.

30. The natural, probable, and foreseeable results of Perlamore's wrongful conduct has deprived and continues to deprive Pandora of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce, and exploit Pandora's copyrighted jewelry designs and to create derivative works based on those designs, to deprive Pandora of the goodwill in the copyrighted designs, and to injure Pandora's relations with present and prospective customers.

31. By its actions as alleged above, Perlamore has infringed and violated Pandora's exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. § 501, by producing, distributing, and selling upon the market silver and 14-karat jewelry beads that bear a design that is strikingly similar to Pandora's copyrighted jewelry designs, all without Pandora's authorization or consent.

32.     Upon information and belief, Perlamore's infringement of Pandora's copyrights is willful and deliberate, and it has profited at the expense of Pandora.

33.     Perlamore's conduct has caused and will continue to cause irreparable injury to Pandora unless enjoined by this Court.  Pandora has no adequate remedy at law.

**WHEREFORE,** Plaintiff Pandora Jewelry, LLC, demands:

(a)     Entry of Judgment that Defendant infringes U.S. Patent No. 7,007,507;

(b)     Entry of Judgment that Defendant infringes Plaintiff's U.S. Copyrighted designs;

(c)     Preliminary and permanent injunctions against Defendant and its subsidiaries, divisions, agents, dealers, officers, employees, successors, and assigns, and all others acting in concert or participation with them, from:

   (1)     making, using, selling, or offering to sell the invention of U.S. Patent No. 7,007,507; practicing the patented invention; and securing or supplying items used to infringe the patent;

   (2)     contributing to the infringement of U.S. Patent No. 7,007,507;

   (3)     inducing infringement of U.S. Patent No. 7,007,507; and

   (4)     directly or indirectly infringing any Pandora copyrighted designs or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived or copied from any Pandora copyrighted designs or assist in any such activity pursuant to § 17 U.S.C. 504(c).

(d)     Finding the patent infringement to be willful;

(e)     Requiring Defendant's infringing products, including all molds and casts, catalogues, and all jewelry beads bearing the infringing designs be first, during the pendency of this action, impounded on such terms as this Court may deem reasonable and thereafter be destroyed by all reasonable means pursuant to 17 U.S.C. § 503;

(f)     Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

(g) Awarding Plaintiff damages adequate to compensate Plaintiff for the patent infringement, including its lost profits, royalties, attorneys' fees, costs, prejudgment interest, and enhanced damages as may be shown by the evidence pursuant to 35 U.S.C. § 285;

(h) Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendant's copyright infringement;

(i) Finding this to be an exceptional case and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(j) Awarding Plaintiff all gains, profits, property, and advantages obtained or derived by the Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each infringement;

(k) Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505; and

(l) Awarding Plaintiff such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
| **OF COUNSEL:**<br>William R. Hansen, Esq.<br>Bernadette R. Reilly, Esq.<br>**LATHROP & GAGE LLP**<br>230 Park Avenue, Suite 1847<br>New York, NY 10169<br>Telephone:   (212) 850-6220<br>Facsimile:     (212) 850-6221<br>New York, New York 10169<br>E-mail: whansen@lathropgage.com<br>E-mail: breilly@lathropgage.com | /s/ *Lawrence D. Walker*<br>Lawrence D. Walker, Trial Attorney<br>Ohio Bar No. 0012036<br>**TAFT STETTINIUS & HOLLISTER LLP**<br>21 East State Street, Suite #1200<br>Columbus, OH   43215<br>Telephone:     (614) 221-2838<br>Facsimile:      (614) 221-2007<br>E-mail: walker@taftlaw.com<br>Attorney for Plaintiff |

## JURY DEMAND

Pursuant to and in accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Pandora Jewelry, LLC, demands a trial by jury of all issues raised by the pleadings in this action which are so triable.

/s/ *Lawrence D. Walker*
Lawrence D. Walker, Trial Attorney
Ohio Bar No. 0012036
Taft Stettinius & Hollister LLP
21 East State Street, Suite 1200
Columbus, OH  43215-4221
Telephone:    (614) 221-2838
Facsimile:    (614) 221-2007
E-mail:            walker@taftlaw.com
Attorney for Plaintiff